[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2010
JOHN LEY
CLERK

No. 09-15880
Non-Argument Calendar

_____

D. C. Docket No. 09-02023-CV-TWT-1

MICHAEL B. BUTLER,

Plaintiff-Appellant,

versus

KATHERINE K. WOOD,
THE STATE BAR OF GEORGIA,
an agency of the State of Georgia,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 17, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Michael B. Butler, *pro se*, appeals the district court's dismissal of his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine.[1] Butler's § 1983 complaint arose from his disbarment by the Georgia Supreme Court, pursuant to a formal complaint brought by the State Bar of Georgia (State Bar) charging him with embezzling funds from a client. The § 1983 complaint named the State Bar and Katherine Wood, the Special Master who presided over Butler's disciplinary proceedings, as defendants.

Butler contends his complaint was not barred by *Rooker-Feldman* because (1) since his alleged injury occurred before the Georgia Supreme Court's disbarment order, he was not the "loser" of the state court judgment and (2) he raised an independent claim alleging constitutional violations which arose from the wrongful conduct of defendants during the State Bar disciplinary proceedings against him.[2]

---

[1]The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 44 S. Ct. 149, 150 (1923), and *D.C. Court of Appeals v. Feldman*, 103 S. Ct. 1303, 1311-15 (1983).

[2]We review "dismissals for lack of subject matter jurisdiction *de novo*." *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). A court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The *Rooker-Feldman* doctrine provides "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Nicholson*, 558 F.3d at 1268 (quotation omitted). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine should be confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

*Rooker-Feldman*'s reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment such as (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted).

The district court did not err in finding *Rooker-Feldman* barred Butler's civil rights complaint because, squarely within the language of *Exxon Mobil*, he was a state-court loser who sued in federal court to complain of injuries caused by the state-court judgment which was rendered before the filing of his federal complaint. *See Nicholson*, 558 F.3d at 1268, 1270. To the extent Butler couches his complaint

3

in terms of independent constitutional claims against defendants, those federal claims were inextricably intertwined with the Georgia Supreme Court's disbarment order and, thus, still fell within the confines of the *Rooker-Feldman* jurisdictional bar. *See Casale*, 558 F.3d at 1261.

**AFFIRMED.**